IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REDDICK MANAGEMENT CORP., and KEVIN REDDICK, Individually and in his Official Capacity as Owner of Reddick Management Corp.;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OMAHA, NEBRASKA,<br><br>Defendant. | 8:16CV99<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint. (Filing No. 56.) For the reasons explained below, the motion will be granted.

## BACKGROUND

Plaintiffs instituted this action on February 29, 2016, against the City of Omaha, Nebraska, Paul Kratz, Michelle Peters and Brook Bench, asserting an action for deprivation of constitutional rights under 42 U.S.C. § 1983. (Filing No. 1.) The case arises out of a public bidding process through which Defendants solicited bids for the demolition of the Omaha Civic Auditorium. Plaintiffs alleged that their rights to due process and equal protection were violated by City of Omaha's failure to follow the Small and Emerging Businesses ordinance, Omaha, Neb., Mun. Code § 10, Division 5.

On August 16, 2016, the Court dismissed Plaintiffs' equal protection claim. (Filing No. 35.) On February 6, 2017, the Court dismissed Plaintiffs' claims against Defendants Paul Kratz, Michelle Peters and Brook Bench. (Filing No. 51.) Therefore, the City of Omaha (hereinafter "Defendant") is the only defendant remaining in this action.

**DISCUSSION**

Plaintiffs seeks leave to amend their Complaint to add additional claims against Defendant, maintaining that amendment is appropriate because Defendant's wrongful conduct has continued, resulting in additional damages. Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Defendant opposes Plaintiffs' motion.

Defendant maintains that leave to amend should be denied because Plaintiffs unduly delayed filing the motion and have not shown good cause for amending pleadings beyond the date set forth in the initial progression schedule. *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716 (8th Cir. 2008) ("[I]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule"). The deadline for Plaintiffs to seek leave to amend was initially January 9, 2017 (Filing No. 41), but was later extended to January 23, 2017 (Filing No. 46). During the planning conference held on March 24, 2017, Plaintiffs' counsel expressed his desire to file an amended pleading. Defendant's counsel indicated that Defendant would likely object to any such motion. In order to resolve this dispute, the Court stayed all case progression deadlines and gave Plaintiffs until May 30, 2017, to file a motion for leave to amend. (Filing No. 53.) Plaintiffs filed their motion on April 21, 2017. Defendant contends that Plaintiffs' motion is untimely because Defendants were aware of the facts underlying the proposed amendment prior to the expiration of the original amended pleading deadline.

A number of procedural issues have occurred in this case which justify allowing Plaintiffs to amend at this time. On December 15, 2016, shortly after the initial extension of the amended pleadings deadline, a motion to dismiss ([Filing No. 47](#)) was filed. Another motion to dismiss was filed on February 3, 2017. ([Filing No. 50](#).) Rulings on the motions to dismiss were issued on February 6, 2017. ([Filing No. 51](#).) Following those rulings, a planning conference was held, at which time Plaintiffs' counsel mentioned that he was considering filing an amended pleading. To accommodate the potential filing of the motion to amend, the Court stayed all progression deadlines. Therefore, to date, a final progression schedule has not been entered, and an actual trial date has not been set.

Considering this background, and where the case currently stands, the Court finds that Plaintiffs have not unduly delayed in filing the motion and have demonstrated good cause for amendment. The Court further finds that Defendant will not be prejudiced by allowing amendment at this time. The case is just over a year old, a final progression schedule has not been entered, and trial has not been scheduled. Moreover, it does not appear that the proposed amendments will greatly expand the scope of discovery. The additional facts and counts do not change the nature of the suit.

Defendant points out that Plaintiffs' motion fails to comply with NECivR 15.1(a), which requires that a motion to amend and proposed amended pleading identify the proposed amendments. It is apparent that Plaintiffs' motion and proposed amended pleading were hastily drafted. The body of the motion does not directly reference the proposed amendments. Although a copy of the proposed amended complaint was attached to the motion, the proposed pleading does not clearly identify the amendments, and, as acknowledged by Plaintiffs in their reply brief, includes several errors. Since the filing of the motion to amend, Plaintiffs have attempted to remedy their failure to comply with this Court's Local Rules. Plaintiffs attached a revised proposed amended complaint to their reply brief, which identifies the proposed amendments. ([Filing No. 61](#).) The

Court will deem this submission sufficient for purposes of complying with the Local Rules of this Court in this instance. However, Plaintiffs are advised to carefully follow the Local Rules of this Court in the future.

Plaintiffs have acknowledged that the equal protection claim has been dismissed and should not be included in their amended pleading. Still, the revised proposed amended complaint attached to Plaintiffs' reply brief contains references to this cause of action, including, but not necessarily limited to, in the introductory paragraph and paragraph 4 (as now numbered in the proposed revised pleading). ([Filing No. 61-1](Filing No. 61-1).) Plaintiffs may not, through amendment, reassert the equal protection claim. Plaintiffs will be allowed to file an amended pleading. However, Plaintiffs are advised to carefully edit the amended pleading to ensure that all references to the equal protection claim have been removed. Failure to do so will result in this claim, and all references to it, being stricken.

Accordingly, for good cause shown,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Leave to Amend Complaint ([Filing No. 56](Filing No. 56)) is granted.

2. Plaintiffs shall file their amended complaint no later than June 28, 2017. Plaintiffs are reminded that the amended complaint may not include any previously dismissed claims, and may only name the City of Omaha as a defendant.

Dated this 27th day of June, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge